IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 11-CR-46-LRR |
| vs. | **ORDER** |
| SAMUEL B. FORD, | |
| Defendant. | |

The matters before the court are Defendant Samuel B. Ford's pro se Motion for Reduced Sentence pursuant to the First Step Act ("Motion") (docket no. 238), which was filed on February 25, 2019;[1] pro se Motion to Appoint Counsel (docket no. 239), which was also filed on February 25, 2019; and pro se Motion to Clarify (docket no. 241), which was filed on November 12, 2019.

Congress enacted the First Step Act ("FSA") on December 21, 2018. The statute was part of a compressive criminal justice reform package and makes numerous changes to the criminal code. However, the only aspect which applies retroactively is Section 404, which makes the "Fair Sentencing Act of 2010" applicable to any eligible defendant sentenced prior to that code section taking effect, August 3, 2010. *See United States v. Montgomery*, Case No. 17-CR-6005-FPG, 2019 WL 6114778, at *1 (W.D.N.Y. Nov. 18, 2019) ("Section 404 only applies to defendants who were convicted of certain offenses committed before August 3, 2010"); *see also United States v. Francis*, No. 5:01-CR-94-BO, 2019 WL 5842800, at *2 (E.D.N.C. Nov. 6, 2019) ("[I]f a defendant committed a

---

[1] The First Step Act of 2018 was enacted on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194.

crack cocaine offense prior to August 3, 2010, the statutory penalties for which were modified by the Fair Sentencing Act, and that defendant did not already receive the benefit of the Fair Sentencing Act or have a prior motion under § 404 of the First Step Act denied on the merits, the defendant is facially eligible for a reduced sentence"); *United States v. Matthews*, No. CR 15-00636 HG, 2019 WL 1246184, at *2 (D. Haw. Mar. 18, 2019) (providing that "[t]here are a number of reforms in the First Step Act, but Section 404 is the only provision that applies retroactively to defendants who have already been sentenced").

On April 11, 2011, a grand jury returned a two-count Superseding Indictment (docket no. 11), charging Defendant with distribution of heroin within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 851 and 860(a) (Count I); and distribution of crack cocaine and heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 851 (Count II). *See* Superseding Indictment at 1-2. On August 12, 2011, a jury found Defendant guilty of Counts I and II of the Superseding Indictment. *See* Jury Verdict (docket no. 131). On October 17, 2014, the court sentenced Defendant to life imprisonment on Count I of the Superseding Indictment and 360 months' imprisonment on Count II of the Superseding Indictment, to run concurrently. *See* Amended Judgment (docket no. 212).

As noted above, the only retroactive portion of the FSA applies to defendants who were sentenced prior to the enactment of the Fair Sentencing Act of 2010. Defendant was sentenced in October of 2014, long after the Fair Sentencing Act of 2010 took effect.[2] Therefore, the retroactive portion of the FSA does not apply to Defendant. *See Francis*,

---

[2] Defendant was initially sentenced on December 5, 2011. *See* Judgment (docket no. 151). However, after a lengthy appeals process, Defendant was resentenced on October 16, 2014. *See* October 16, 2014 Minute Entry (docket no. 211). Thus, even if Defendant's initial sentence was considered, Defendant would still be ineligible for relief under the FSA, as he was still sentenced after the Fair Sentencing Act of 2010 took effect.

2

2019 WL 5842800, at *2 (finding the defendant "facially ineligible for relief under Section 404 of the First Step Act" because the defendant "was not sentenced until after [its] passage, and thus received the benefit of the new statutory sentencing range"). Additionally, defendant was sentenced well prior the enactment of the FSA on December 21, 2018. Because the court sentenced him prior to the enactment of the FSA, he did not qualify to be sentenced under the provisions of the FSA. Thus, the court can find no provision under the FSA for which Defendant would be entitled to relief. Accordingly, the Motion (docket no. 238) is **DENIED**. Furthermore, Defendant's Motion to Appoint Counsel (docket no. 239) and Motion to Clarify (docket no. 241) are **DENIED** as moot.

**IT IS SO ORDERED**:

**DATED** this 25th day of November, 2019.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA